**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SEMINOLE TRIBE OF FLORIDA**<br>6300 Stirling Road<br>Hollywood, Florida 33024<br>      PLAINTIFF,<br><br>     v.<br><br>**ALEX M. AZAR**, in his official capacity<br>as Secretary,<br>U.S. Department of Health & Human Services<br>200 Independence Ave, S.W.<br>Washington, DC 20201<br><br>**RADM MICHAEL D. WEAHKEE**, in his<br>official capacity as Acting Director,<br>Indian Health Service<br>5600 Fishers Lane<br>Rockville, MD 20857<br><br>      DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 1:18-cv-00776**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendants, by and through undersigned counsel, hereby answer Plaintiff's Complaint for Declaratory, Mandamus and Injunctive Relief (Apr. 5, 2018) ("Complaint").  Defendants deny each and every allegation not specifically admitted.  Responding to the numbered paragraphs of the Complaint, Defendants answer as follows:

## DEFENSES

1.      Defendants properly rejected Plaintiff's final offer because Plaintiff seeks contract support costs ("CSC") funding that is not authorized by the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 5325, 5326.

2.      Defendants fully complied with the ISDEAA, including with their obligations to reject a final offer, 25 U.S.C. § 5387.

3.     Defendants reserve the right to amend their Answer to include additional defenses of which they may become aware and to raise any other matter constituting an avoidance or affirmative defense.

## ANSWER

In answer to the individually numbered paragraphs of the Complaint, Defendants state[1] as follows:

<u>Introduction</u>

1.     The first sentence is a characterization of this legal action and requires no response. Defendants admit the second sentences.  The third sentence is a characterization of Plaintiff's claim and requires no response.  Further, Defendants aver that Plaintiff submitted a "final offer," not a proposal, 25 U.S.C. § 5387, and Defendants did not reject the final offer in its entirety.

2.     The allegations in the first sentence are jurisdictional conclusions that require no response.  To the extent a response is required, denied.  The remaining sentences contain Plaintiff's characterizations of its case, the ISDEAA, the IHS CSC Policy, Plaintiff's final offer letter (hereinafter "final offer"), and Defendants' response to Plaintiff's final offer letter (hereinafter "final offer response"), to which no response is required; to the extent an answer is required, denied. Further, Defendants respectfully refer the Court to the ISDEAA, the IHS CSC Policy, Plaintiff's final offer letter, and Defendants' response to Plaintiff's final offer letter for an accurate and complete statement of their contents.

3.     This paragraph contains Plaintiff's characterizations of its case and the ISDEAA, to

---

[1] To the extent the Complaint refers to or quotes from external documents, statues, or other sources, Defendants may refer to such materials for an accurate and complete statement of their contents in its responses to particular allegations; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) relevant to this or any other action; or (c) are admissible in this or any other action.

which no response is required; to the extent an answer is required, denied, except to admit that Plaintiff submitted a final offer in which it proposed to allocate 98.93% of its IHS funding to salaries and that IHS rejected the proposed CSC amount, in part.  Further, Defendants respectfully refer the Court to the ISDEAA and the final offer response for an accurate and complete statement of their contents.

4.      This paragraph consists of Plaintiff's prayer for relief and jurisdictional conclusions, to which no response is required; to the extent an answer is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## Parties

5.      Admit.

6.      Aver that Alex M. Azar was sworn in as the Secretary of the Department of Health and Human Services on January 29, 2018.  The remainder of the paragraph contains legal conclusions, to which no response is required.

**7.**      Admit that Rear Admiral Michael D. Weahkee is the Acting Director of IHS.  The remainder of the paragraph contains legal conclusions, to which no response is required.

## Jurisdiction and Venue

8.      The allegations in Paragraph 8 are jurisdictional conclusions to which no response is required.  To the extent a response is required, denied.

9.      The allegations in Paragraph 9 are legal and jurisdictional conclusions to which no response is required; to the extent an answer is required, denied.

10.      Paragraph 10 contains allegations of venue to which no response is required; to the extent an answer is required, denied.

## Statutory Background

11.      The allegations in Paragraph 11 are legal conclusions to which no response is

3

required.  The ISDEAA and *Cherokee Nation of Okla. v. Leavitt*, 543 U.S. 631 (2005), speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the ISDEAA or *Cherokee Nation*, denied.

12.     Defendants admit the final sentence.  The remaining allegations in Paragraph 12 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

13.     Paragraph 13 contains legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent an answer is required, denied, except to admit that the funding IHS transfers for the programs, services, functions, and activities (PSFAs) included in the funding agreement often is referred to as the Secretarial amount.

14.     The allegations in Paragraph 14 and Footnote 2 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent an answer is required, denied, except to admit that IHS pays CSC funding, in addition to the Secretarial amount, consistent with the ISDEAA.  25 U.S.C. §§ 5235, 5326.

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required.  The ISDEAA, *Salazar v. Ramah Navajo Chapter*, 567 U.S. 182 (2012), and *Cherokee Nation* speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the ISDEAA, *Ramah Navajo Chapter*, or *Cherokee Nation*, denied.  Defendants further aver that the Supreme Court has not addressed the issue in this case, which is how to calculate the amount of CSC funding owed for any particular ISDEAA agreement.

16.     The allegations in Paragraph 16 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

17.     The allegations in Paragraph 17 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

18.     The allegations in Paragraph 18 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

<u>General Allegations</u>

21.     Defendants admit the first sentence except to aver that not all PFSAs are also funded by third-party revenues.  Defendants admit the remaining allegations in Paragraph 21, except to the extent that they may be inconsistent with the Justification of Estimates for Appropriations Committees, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 21 are inconsistent, denied.

22.     The allegations in Paragraph 22 are legal conclusions to which no response is required.  The ISDEAA and *Navajo Health Foundation—Sage Memorial Hospital, Inc. v. Burwell*, 263 F. Supp. 3d 1083 (2016) [cited by Plaintiff as 2016 WL 7436470 (D.N.M. 2016)], speak for themselves and are the best evidence of their contents.  To the extent an answer is required, denied.

23.     Admit that the quoted language is in the Compact and aver that the last sentence of the quoted Compact section provides: "Medicare/Medicaid collections under Title IV of P.L. 94-

437, as amended, shall be used in accordance with any applicable Federal statutory restrictions on the use of such funds."

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny.

25.     Paragraph 25 and Footnote 3 contain legal conclusions to which no response is required.  Further, the ISDEAA speaks for itself and is the best evidence of its contents.  To the extent an answer is required, denied, except to admit that this matter involves a dispute over the amount of indirect CSC funding owed to Plaintiff for its FY 2018 ISDEAA agreement.

26.     Paragraph 26 contains legal conclusions to which no response is required.  The ISDEAA, *Ramah Navajo Chapter*, *Cherokee Nation*, and Plaintiff's indirect cost rate agreement with the Department of Interior (hereinafter "rate agreement") speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the ISDEAA, *Ramah Navajo Chapter*, *Cherokee Nation*, or the rate agreement, denied.

27.     The allegations in Paragraph 27 are Plaintiff's characterizations of its case, to which no response is required; to the extent an answer is required, denied.

28.     The allegations in Paragraph 28 contain Plaintiff's characterizations of its case, to which no response is required; to the extent an answer is required, denied.  Further, Defendants deny the allegation that "[t]his dispute has spanned the last several years" and aver that the parties negotiated and agreed upon the amount of CSC funding for fiscal years 2014-2017.

29.     The allegations in Paragraph 29 contain Plaintiff's characterizations of its case, to which no response is required; to the extent an answer is required, denied.

30.     The allegations in Paragraph 30 contain Plaintiff's characterizations of its case, to which no response is required; to the extent an answer is required, denied.

31.     Admit.

32.     The allegations in Paragraph 32 and Footnotes 4 and 5 contain Plaintiff's characterizations of its case, to which no response is required.  Further, Defendants respectfully refer the Court to the ISDEAA, its implementing regulations, Plaintiff's final offer, and the IHS CSC Policy for an accurate and complete statement of their contents.  To the extent the allegations are inconsistent with the ISDEAA, the implementing regulations, Plaintiff's final offer, or the IHS CSC Policy, denied.

33.     The allegations in Paragraph 33 and Footnote 6 contain Plaintiff's characterizations of its case, to which no response is required.  Defendants respectfully refer the Court to the final offer response and the IHS CSC Policy for an accurate and complete statement of their contents.  To the extent the allegations are inconsistent with the final offer response or the IHS CSC Policy, denied.

34.     The allegations in Paragraph 34 contain Plaintiff's characterizations of its case, to which no response is required.  Defendants respectfully refer the Court to the final offer response for an accurate and complete statement of its contents.  To the extent the allegations are inconsistent with the final offer response, denied.

35.     The allegations in Paragraph 35 are jurisdictional conclusions to which no response is required; to the extent an answer is required, denied.

## Causes of Action

### Count 1

36.     Defendants incorporate by reference each and every response to the allegations contained in the Paragraphs numbered 1 through 35 above.

37.     The allegations in Paragraph 37 contains legal and jurisdictional conclusion to which no response is required; to the extent an answer is required, denied.

38.     The allegations in Paragraph 38 are legal conclusions to which no response is

required.  The ISDEAA, the final offer, and the final offer response speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the ISDEAA, the final offer, or the final offer response, denied.

39.    The allegations in Paragraph 39 are legal conclusions to which no response is required.  The ISDEAA, its implementing regulations, and the IHS CSC Policy speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the ISDEAA, the implementing regulations, or the IHS CSC Policy, denied.

40.    Paragraph 40 consists of Plaintiff's prayer for relief, which does not require a response, but should a response be required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## Count II

41.    Defendants incorporate by reference each and every response to the allegations contained in the Paragraphs numbered 1 through 40 above.

42.    The allegations in Paragraph 42 are legal and jurisdictional conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ISDEAA, denied.

43.    The allegations in Paragraph 43 are legal conclusions to which no response is required.  The ISDEAA, its implementing regulations, and the final offer response speak for themselves and are the best evidence of their contents.  To the extent an answer is required, denied.

44.    The allegations in Paragraph 44 are legal conclusions to which no response is required.  The ISDEAA speaks for itself and is the best evidence of its contents.  To the extent an answer is required, denied.

## Prayer for Relief

45.    Paragraph 45 consists of Plaintiff's prayer for relief, which does not require a

response, but should a response be required, Defendants deny that Plaintiff is entitled to the relief

requested or to any relief whatsoever.

Respectfully Submitted,

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:    /s/_____
BENTON G. PETERSON, BAR # 1029849
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2534

,